## PASSEBON vs. HIS CREDITORS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

When the Supreme Court, on examining and weighing the evidence on
which the verdict is founded, is unable to agree with the jury, and jus-
tice requires it, the case will be remanded for a trial *de novo*.

This case has already been before this court. See 9
*Louisiana Reports*, 189.

On the return of the case to the Parish Court, it was tried
on the opposition of Brette & Vincent, on a charge of fraud
against the insolvent, sworn to by Edward Vincent. The
case on this charge was submitted to a jury, with a mass of
testimony, taken by the respective parties, who returned a
verdict of "*not guilty*." From judgment confirming this
verdict, the opposing creditors appealed.

*Morphy* and *Grailhe*, for the plaintiff and insolvent, made
the following points :

1. The Supreme Court has no jurisdiction in a case of this
nature, there being no specific sum of money in controversy.
See the second section of the fourth article of the *Constitution
of Louisiana*.

2. The jury are the sole judges in a question of fraud,
set up against an insolvent. See sections 18, 19, 20 and 21
of the *Insolvent Law of* 1817.

3. In this case there is no oath of the proper party at the
foot of the opposition, as required by law ; no man can swear

by proxy, unless expressly authorized by law.  See *Foucher's* <span style="float:right"></span>
*case, 7 Louisiana Reports.*

4. In any event, the verdict of the jury must be main- <span style="float:right">Haydel<br>*vs.*<br>Webre's heirs.</span>
tained, the same being in conformity with the law and
evidence adduced.

5. The Supreme Court will not disturb the verdict, unless
rendered manifestly in opposition to the evidence.

On these points, the appellant relies for the confirmation of
the judgment rendered in his behalf.

*Soulé* and *Murat*, for the opposing creditors and appellants.

*Martin J.*, delivered the opinion of the court.

In this case there is a verdict for the insolvent.  We have <span style="float:right">Where the Su-</span>
carefully examined and weighed the evidence on which it <span style="float:right">preme Court,<br>on examining</span>
was rendered, and it is impossible for us to concur with the <span style="float:right">and weighing<br>the evidence on</span>
jury.  It appears to the court that justice requires a trial <span style="float:right">which the ver-<br>dict is founded,</span>
*de novo.* <span style="float:right">is unable to a-<br>gree with the<br>jury, and justice</span>

It is, therefore, ordered, adjudged and decreed, that the <span style="float:right">requires it, the<br>case will be re-</span>
judgment of the Parish Court be annulled, avoided and <span style="float:right">manded for a<br>trial *de novo.*</span>
reversed ; the verdict set aside and the cause remanded for a
new trial; the costs to be paid out of the proceeds of the
ceded property.